# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

IN RE: DANNY W. ALCORN,

        Petitioner,    :    Case No. 3:13-cv-311

        District Judge Walter Herbert Rice
        Magistrate Judge Michael R. Merz

## REPORT AND RECOMMENDATIONS

This is an action pursuant to 28 U.S.C. § 1651, the All Writs Act; Alcorn seeks a rule nisi for this Court "to exercise its sound discretion and order the true cause of [Alcorn's] detention be shown and placed on the public record." (Petition, Doc. No. 1-2, PageID 6).

Alcorn claims he "cannot as a matter of law comply with 28 U.S.C. § 1915 as he is not a prisoner pursuant to 28 U.S.C. § 1915(h), but is a detainee being held without the due process of law." (Motion, Doc. No. 1, PageID 1). § 1915(h) provides:

> As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program.

Alcorn admits he is a detainee and gives as his address the Chillicothe Correctional Institution, a facility of the State of Ohio for the incarceration of convicted felons. It is Alcorn's detention in that facility which he asks this Court to inquire into. Whether or not his detention is

1

lawful or constitutional, he is detained and therefore is a prisoner within the meaning of 28 U.S.C. § 1915(h).

Based on this determination that Alcorn is a prisoner within the meaning of the Prison Litigation Reform Act, the Magistrate Judge granted him leave to proceed *in forma pauperis* conditioned on his submitting the required prisoner trust account statement so that the Court could appropriately collect the required filing fee, including assessing the initial deposit.  Alcorn was given until October 1, 2013, to file the statement and cautioned that failure to do so might result in dismissal for want of prosecution.

As of the date of this Report, Alcorn has filed nothing further.  It is therefore respectfully recommended that this case be dismissed for want of prosecution.

October 15, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).